# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO FRAUSTO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:21-cv-01132-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>(ECF No. 4)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Luis Antonio Frausto ("Plaintiff") filed a complaint on July 26, 2021, challenging a final decision of the Commissioner of Social Security denying his application for disability benefits. (ECF No. 1.)  Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  On July 28, 2021, an order issued finding that Plaintiff's application to proceed *in forma pauperis* did not demonstrate entitlement to proceed in this action without prepayment of fees.  (ECF No. 3.)  Plaintiff was ordered to either file a long form application to proceed without prepayment of fees or pay the filing fee.  (Id.)  On August 17, 2021, Plaintiff filed a long form application.  (ECF No. 4.)

1

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

According to the originally filed application signed on July 23, 2021, Plaintiff's spouse receives "[N]ative American Indian" payments of $4,000 per month. (ECF No. 2 at 1-2.) Plaintiff also claimed ownership of seven (7) vehicles, though only one was proffered to be running. (ECF No. 2 at 2.)

According to the application filed on August 17, 2021, the spouse's "Per Capita Payment [for] Santa Rosa Rancheria tribal member" actually totals $5,253 per month. (ECF No. 4 at 1.) Plaintiff also proffers that the spouse was making on average $3,600 per month from employment income, but only up until July 21, 2021, as Plaintiff's spouse is "no longer working." (ECF No. 4 at 2, 5) Thus, excluding the employment income, Plaintiff's claimed household income is still $63.036 per year.

1    Plaintiff claims monthly expenses in the amount of $5,122.  (ECF No. 4-5.)  However,
2 Plaintiff claims no rent or home mortgage payment, and has no home listed as an asset.  (Id. at 3-
3 4.)  Plaintiff appears to claim an electric bill totaling $1,288 per month.  (Id. at 4.)  Under
4 recreation, entertainment, etc., Plaintiff claims $404 a month for cable television, and dog and
5 cat food.  (Id.)  Under the category for alimony, maintenance, and support paid to others, it
6 appears Plaintiff includes $300 for "lawn service," despite already claiming $200 per month for
7 home maintenance.

8    Plaintiff does not claim any dependents.  The 2021 Poverty Guidelines for the 48
9 contiguous states for a household of two is $17,420.  2021 Poverty Guidelines,
10 https://aspe.hhs.gov/poverty-guidelines (last visited August 18, 2021).

11   In consideration of the household income and expenses listed, Plaintiff demonstrates he
12 can pay the costs and still be able to provide himself with the necessities of life.  If Plaintiff
13 submits objections to this findings and recommendations, he is expected to further address the
14 various expenses listed in the application, which appear excessive in relation to a claim of
15 entitlement to proceed *in forma pauperis*.

16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2021**

UNITED STATES MAGISTRATE JUDGE